IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Sirak Manbegirot,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:16cv300 (TSE/JFA) |
| | ) |
| Marie Vargo,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Sirak Manbegirot, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in the Arlington County Circuit Court of first degree murder. On July 6, 2016, respondent filed a Rule 5 Answer and a Motion to Dismiss with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and after receiving an extension of time he filed a reply to the Motion to Dismiss on August 30, 2016. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed, with prejudice.

### I. Background

On May 19, 2010, petitioner was convicted of first degree murder after a jury found him guilty in the death of his wife by strangulation and blunt force trauma. (T. 3/11/2009 at 50 et seq.; T. 12/8/2009 at 169). The court imposed the jury's recommended sentence of forty (40) years incarceration. Case No. CR09-316.

Petitioner took a direct appeal to the Court of Appeals of Virginia, raising claims of trial

court error which are not pertinent here. The court denied the petition for appeal on January 19, 2011. <u>Manbegirot v. Commonwealth</u>, R. No. 1326-10-4 (Va. Ct. App. Jan. 13, 2011). A three-judge panel reached the same result on May 18, 2011. <u>Manbegirot v. Commonwealth</u>, R. No. 1326-10-4 (Va. Ct. App. May 18, 2011). The Supreme Court of Virginia refused a petition for further appeal on September 30, 2011, <u>Manbegirot v. Commonwealth</u>, R. No. 111142 (Va. Sept. 30, 2011), and denied a motion for rehearing on January 20, 2012.

In January, 2013, petitioner filed an application for a writ of habeas corpus in the trial court, arguing that he received ineffective assistance of counsel because his attorney:

    1.    Failed adequately to explain petitioner's guilty plea options and advised petitioner to go to trial after petitioner expressed his guilt and desire to plead guilty to second degree murder.

    2.    Failed to explain petitioner's competency evaluation by Dr. Kerman and to subpoena the doctor to testify.

    3.    Failed adequately to explain the nature of the plea agreement to second degree murder when petitioner wanted to plead guilty; and

    4.    Failed adequately to argue that petitioner's rights under the Vienna Convention were violated.

The trial court addressed each of these claims and denied the petition by Order dated February 26, 2015. On December 23, 2015, the Supreme Court of Virginia refused a petition for appeal of the trial court's February 26, 2015 judgment. <u>Manbegirot v. Warden, Sussex II State Prison</u>, R. No. 150934 (Va. Dec. 23, 2015).

Petitioner then turned to the federal forum and timely filed the instant application for

habeas corpus relief pursuant to 28 U.S.C. § 2254 on February 11, 2016.[1] In it, he reiterates the same claims of ineffective assistance of counsel he exhausted in the state habeas proceeding. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (exhaustion required by § 2254(b) is accomplished where a state prisoner "give[s] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). As noted above, respondent has filed a Motion to Dismiss the petition with a supporting brief, and petitioner has filed a reply. Dkt. No. 13-15, 22. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed, with prejudice.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each of these requirements. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially

---

[1] For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Petitioner in this case certified that he placed in the prison mailing system on February 11, 2016, Pet. at 7, and it was received by the Clerk on March 9, 2016. Pet. at 1.

indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In all of his federal claims, petitioner argues that his trial counsel provided ineffective assistance for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). The AEDPA standard of review and the Strickland standard are dual and overlapping and are to be applied simultaneously rather than sequentially. Harrington, 526 U.S. at 105. This results in a very high burden for a petitioner to overcome, because these standards are each "highly deferential" to the state court's adjudication, and "when the two apply in tandem, review is doubly so." Id.

To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In his first claim, petition alleges that counsel provided ineffective assistance by failing adequately to explain petitioner's options with respect to a guilty plea and by advising petitioner to go to trial even after petitioner acknowledged his guilt and insisted that he wished to plead guilty to second degree murder. When petitioner made this same argument in the state habeas

5

proceeding, the trial court found it to be without merit,[2] as follows:

> In claim I, Manbegirot asserts that counsel was ineffective for failing to adequately explain petitioner's guilty plea options and instead advised on going to trial after petitioner expressed his guilt and insistence on pleading guilty to second-degree murder. This claim is without merit. Counsel advised the petitioner of his pleas options [sic] throughout his representation. (Resp. Ex. 1, Affidavit of Mathew [sic] T. Foley, Esq. at 1-2). While counsel agrees that the petitioner readily acknowledged that he killed the victim, however, he continually said that it was because the victim had pulled a knife on the petitioner. There is no evidence that petitioner 'insisted' on pleading guilty. Indeed, trial counsel avers that an offer to plead guilty to first-degree murder for a sentence of 30 years was specifically rejected by Manbegirot before the trial started. Manbegirot entered a plea of not guilty because 'I haven't done it willingly.' (Tr. 12/7/2009 at 4). Consequently, Manbegirot has failed to establish either deficient performance or prejudice as required by Strickland, and claim I must fail.

Manbegirot v. Warden, Order Feb. 27, 2015 at 4.

The foregoing holding reflects a reasonable determination of the facts. Public defender Matthew T. Foley became the lead attorney in petitioner's case at the end of October, 2009, and he supplied an affidavit in the state habeas proceeding in which he stated that he met with Manbegirot "on multiple occasions to discuss his plea options and prepare for trial." Counsel explained that Manbegirot "readily admitted" to both counsel and the police that he had killed his wife, but he maintained that he did so because she attacked him with a knife following a heated argument in which she ordered him to leave their apartment. Counsel explained that if these facts were proven to the jury's satisfaction, they could provide an acquittal based on self-defense or petitioner's defense of his son, or they might lead to a conviction of manslaughter based on the

---

[2]Because the trial court's order was the last reasoned state court decision on the claims at issue here, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

heat of passion. On the other hand, counsel informed petitioner that the fact that the decedent was strangled with an electrical cord after being struck with a dumbbell could persuade the jury that the act was done with malice or premeditation. Foley Aff., Claim 1, ¶ 2.

Mr. Foley did not recall the Commonwealth offering a specific plea agreement to Manbegirot after he became lead counsel; rather, Manbegirot would have been able only to plead straight-up to the presumptive second degree murder charge in the indictment, which would have carried a sentence of from 5 to 40 years incarceration. Manbegirot declined. On the morning of trial, the Commonwealth offered a plea agreement of thirty years incarceration on a plea of guilty to first degree murder. Counsel reviewed this offer with Manbegirot in the lockup with the assistance of an interpreter, and Manbegirot again declined. Id., ¶ 3. When trial commenced Manbegirot entered a plea of not guilty, stating "I haven't done it [the killing] willingly." Tr. 12/7/2009 at 4. He testified during the trial that the decedent previously had harmed him and their infant son, and that she brandished a knife at him on the day she died. Foley Aff., Claim 1, ¶¶ 3-4.

Under these circumstances, the state court's rejection of petitioner's first claim was factually reasonable. In essence, the state court on habeas review credited counsel's statements in his affidavit that he advised petitioner regarding his plea options and did not credit petitioner's contention that he "insisted" on entering a guilty plea. It is not the role of a federal habeas court to review such credibility determinations. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Instead, the federal court is bound by the credibility determinations of the state court trier of fact. United States v. Arrington, 719 F.2d 701, 704 (4th

Cir. 1983). Here, then, when the appropriate deference is paid to the state court's implicit credibility findings, petitioner's argument that counsel provided ineffective assistance by failing to inform petitioner of his plea possibilities and disregarded petitioner's stated desire to plead guilty is without merit. Accordingly, the state court's resolution of Claim I must not be disturbed. Williams, 529 U.S. at 412-13.

In his second claim, Manbegirot contends that counsel was ineffective for failing to explain to the jury the competency evaluation of the petitioner performed by Dr. Kerman and for failing to subpoena the doctor to testify. The state habeas court rejected this argument for the following reasons:

> In claim II, Manbegirot alleges that counsel was ineffective for failing to explain to the jury petitioner's competency examination done by Fred M. Kerman, Ph. D., or to subpoena him to testify. This claim is without merit. The Virginia Code provides that the competency of a defendant to stand trial is a determination made by the trial court, not a jury. Va. Code § 19.2-169.1(E). Consequently, the doctor's evaluation of the petitioner for competency to stand trial was not relevant to any issue before the jury and would not have been admissible. Counsel is not ineffective for failing to make a futile objection. See Correll v. Commonwealth, 232 Va. 454, 470, 352 S.E.2d 352, 361 (1987) (holding counsel had no duty to object to admission of presentence report because it was admissible). As a result, Manbegirot has failed to establish either deficient performance or prejudice as required by Strickland, and claim II must fail.

Manbegirot v. Warden, Order Feb. 27, 2015 at 4 - 5.

For the reasons which are clearly explained in its Order, the state habeas court's denial of relief on Claim II was both factually reasonable and in accord with Strickland. Since Virginia law provides that a competency determination is within the purview of the court rather the jury, any attempt by counsel to introduce Dr. Kerman's evaluation at trial properly would have been

denied as irrelevant. Since the law is clear that counsel is not ineffective for failing to file frivolous motions, Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005), the state court's denial of relief on this claim was squarely in line with applicable federal authorities, and the same result must obtain here. Williams, 529 U.S. at 412-13.

In his third claim, Manbegirot faults counsel for failing to explain the nature of the plea agreement to second degree murder when petitioner wanted to plead guilty. The state habeas court rejected this argument on the following holding:

> In claim III, Manbegirot alleges that counsel was ineffective for failing to adequately explain the nature of the plea agreement to second-degree murder when the petitioner wanted to plead guilty. This claim is without merit. On July 8, 2009, the petitioner and counsel appeared in the trial court to attempt to enter a guilty plea to a second-degree murder indictment. Counsel made an uncontested proffer that the petitioner could not 'process what is necessary for him to process in order for him to enter a plea and get through a colloquy with this Court or go before a jury.' (Tr. 7/8/2009 at 4). Counsel further proffered that 'I will state for the record that I have explained to him in great detail what an Alford plea means, and he clearly doesn't understand.' (Tr. 7/7/2009 at 16). The trial court also expressed its belief that the defendant was malingering, saying 'Well, I think the defendant is like the fox in the hen house.' (Tr. 7/8/2009 at 12). There is no evidence, and the petitioner has failed to proffer, that counsel could have done any more than what was done to educate the defendant prior to July 8, 2009. Manbegirot's unsupported conjecture is inadequate. This failure to proffer alone is fatal to his claim. Muhammad v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007), cf. Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."). See also Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990)(petitioner must allege "what an adequate investigation would have revealed."). Moreover, any alleged prejudice is speculative. Manbegirot was to plead guilty to second-degree murder with no agreement as to sentencing. Second-degree murder carries a maximum of 40 years' incarceration and Manbegirot received a 40 year sentence from the jury for first-degree murder.

9

> The petitioner cannot establish that he would have received less time had he pled to second-degree murder. As a result, Manbegirot has failed to establish either deficient performance or prejudice as required by Strickland and claim III must fail.

Manbegirot v. Warden, Order Feb. 27, 2015 at 5-6.

The foregoing holding was squarely in line with the settled federal principle that a petitioner who claims that counsel rendered ineffective assistance by failing to investigate properly cannot succeed without proffering what favorable evidence a more thorough investigation would have revealed. Bassette, 915 F.2d at 940-41. Here, where Manbegirot has failed to proffer what information counsel failed to impart to him regarding the advisability of entering a guilty plea, he has fallen short of establishing that counsel's performance was deficient as required by Strickland. In addition, as the state court observed, petitioner also fails to satisfy the prejudice prong of the Strickland analysis, because had he pleaded guilty to second degree murder he still could have received the same forty-year sentence he is currently serving pursuant to the jury's verdict. Thus, any prejudice stemming from counsel's alleged shortcoming is no more than speculative and is insufficient to support a claim of ineffective assistance. Washington v. United States, 2014 WL 11486912 at *2 (E.D.N.C. Mar. 31, 2014) (where petitioner could only speculate as to what an officer's personnel file night have revealed had counsel subpoenaed it, he failed to allege a "reasonable probability" that the outcome of his trial was affected by counsel's allegedly deficient performance). Because the state court's rejection of petitioner's present claim was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts, the same result is compelled here. See Williams, 529 U.S. at 412-13.

In his fourth claim, petitioner asserts that counsel rendered ineffective assistance by failing to argue that petitioner's rights under the Vienna Convention were violated. The state habeas court found no merit to this contention, as follows:

> In claim IV, Manbegirot alleges that counsel was ineffective for failing to argue his rights under the Vienna Convention were violated. This claim is without merit. Initially, Manbegirot fails to state with any specificity what arguments, and in what context, counsel should have made. Also, Manbegirot has failed to allege any prejudice. These failures are fatal to his claim. See Strickland, 466 U.S. at 693, 687 (ineffective assistance of counsel claims subject to requirement that defendant affirmatively prove deficient performance and resulting prejudice); see also Muhammad, 274 Va. at 19, 646 S.E. 2d at 195 (finding petitioner's failure to 'identify with specificity any act or omission of counsel which was objectively unreasonable' and 'to demonstrate how these failures were prejudicial' fatal to Strickland claim). Moreover, the claims are without merit.
>
> The Supreme Court of the United States has said:
>
>> The violation of the right to consular notification ... is at best remotely connected to the gathering of evidence. Article 36 [of the Vienna Convention] has nothing whatsoever to do with searches or interrogations. Indeed, Article 36 does not guarantee defendants any assistance at all. The provision secures only a right of foreign nationals to have their consulate informed of their arrest or detention - not to have their consulate intervene, or to have any law enforcement authorities cease their investigation pending any such notice or intervention.
>
> Sanchez-Llamas v. Oregon, 548 U.S. 331, 349 (2006). In addition, the petitioner also relies on LeGrand Case (F. R. G. v U.S.), 2001 I.C.J. 466 (Judgment of June 27) (LeGrand). However, the Supreme Court of the United States has held:
>
>> Nothing in the structure or purpose of the ICJ suggests that its interpretations were intended to be conclusive on our courts. The ICJ's decisions have '*no binding force* except between the parties and in respect of that

11

> particular case.' Statute of the International Court of Justice, Art. 59, 59 Stat. 1062, T. S. No. 993 (1945) (emphasis added). Any interpretation of law the ICJ renders in the course of resolving particular disputes is thus not binding precedent even at to the ICJ itself; there is accordingly little reason to think that such interpretations were intended to be controlling on our courts.
>
> Sanchez-Llamas, 548 U.S. at 354-355. As the Convention offers no right to consular intervention, any arguments by trial counsel would have been futile. See Correll, 232 Va. at 470, 352 S.E. 2d at 361 (holding counsel had no duty to object to admission of presentence report because it was admissible). In addition, there is no reason to believe that had counsel made any arguments with respect to the Vienna Convention, the trial court would have granted any relief. Manbegirot has failed to establish either deficient performance or prejudice as required by Strickland and claim IV must fail.

Manbegirot v. Warden, Order Feb. 27, 2015 at 6 - 7.

For the reasons thoroughly explained by the state court, it is readily apparent that counsel's failure to make an argument based on petitioner's rights under the Vienna Convention had no bearing whatever on the outcome of petitioner's trial. The omission of such an argument thus satisfies neither prong of the Strickland analysis, and the state court's finding that counsel did not thereby provide ineffective assistance was in full accord with applicable federal principles. Accordingly, that result must be allowed to stand. Williams, 529 U.S. at 412-13.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this __21st__ day of __October__ 2016.

Alexandria, Virginia

/s/ T. S. Ellis, III
United States District Judge